IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILL SLAUGHTER,

      Petitioner,

v.                                    CASE NO. 3:15-cv-159-MCR-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.)  In his petition,

Petitioner contends that his trial counsel was ineffective based on three

grounds. (*Id.*) Respondent filed a response, ECF No. 13, along with

relevant portions of the state-court record. (ECF Nos. 13-1–13-3.) Upon

due consideration of the petition, response, and state-court record, the

undersigned recommends that the petition be denied.[1]

### Summary of State-Court Proceedings

In August 2011 Petitioner was charged with burglary of an occupied

_____

[1]  Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

dwelling (Count 1) and grand theft (Count 2). (ECF No. 13-1 at 14.)

Petitioner proceeded to a jury trial on his charges in February 2012, and he

was found guilty as charged. (*Id.* at 37.) At sentencing, the trial court found

that Petitioner qualified for sentencing as a Prison Releasee Reoffender,

and he was sentenced to 15 years in prison for Count 1 and five years in

prison for Count 2, to run concurrent with the sentence for Count 1. (*Id.* at

55–64.)

Petitioner filed a motion to correct illegal sentence under Florida Rule

of Criminal Procedure 3.800(b)(2) in November 2012. (ECF No. 13-2 at

259–62.) The trial court denied that motion on November 13, 2012. (*Id.* at

266–67.)

Petitioner filed a direct appeal to the First District Court of Appeal

("First DCA") on November 30, 2012. (ECF No. 13-3 at 8–21.) The First

DCA *per curiam* affirmed without opinion on July 3, 2013, and the mandate

followed on July 19, 2013. (*Id.* at 32, 34.)

Petitioner then filed multiple motions for post-conviction relief, which

were stricken. (*Id.* at 41–124, 160–61.) The trial court ruled on his fourth

amended motion for post-conviction relief, denying the motion on

November 21, 2014. (*Id.* at 153–59.) Petitioner appealed the denial of his

motion to the First DCA, which *per curiam* affirmed without opinion on

February 26, 2015. (*Id.* at 218.) The mandate followed on March 24, 2015. (*Id.* at 217.)

On June 12, 2014, Petitioner filed a petition alleging ineffective assistance of appellate counsel with the First DCA. (*Id.* at 219–27.) The First DCA denied this petition on the merits on July 3, 2014. (*Id.* at 238.)

Petitioner then submitted the instant petition to prison officials for mailing on April 3, 2015. (ECF No. 1.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

With regard to factual findings, under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the

Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S.

86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court]

holdings must be 'objectively unreasonable,' not merely wrong; even 'clear

error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words,

Petitioner must establish that no fairminded jurist would have reached the

Florida court's conclusion. *See Richter*, 562 U.S. at 102–03; *Holsey v.*

*Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012).

"If this standard is difficult to meet, that is because it was meant to be."

*Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard

plays a limited role in habeas review because the district court considers

the reasonableness of the trial court's fact-finding only to the extent that

the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A

federal habeas court can consider the full record before it to answer "the

only question" that matters: "whether the state court's determination [was]

objectively unreasonable." *Id.* at 1290.

### Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance, a review of

the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an objective and reasonable professional norm, and (2) he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. 668, 686–96 (1984).  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions."  *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No

lawyer can be expected to have considered all of the ways [to provide

effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some
> other reasonable courses of defense (that the lawyer did not
> think of at all) existed and that the lawyer's pursuit of course A
> was not a deliberate choice between course A, course B, and
> so on.  The lawyer's strategy was course A.  And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect

on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a

defendant must show a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different."  *Id*. at 694.  A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome."  *Id*.

When the state courts have denied an ineffective assistance of

counsel claim on the merits, the standard a petitioner must meet to obtain

federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The

standard is not whether an error was committed, but whether the state

court decision is contrary to or an unreasonable application of federal law

that has been clearly established by decisions of the Supreme Court.  28

U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 102.

A federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105.  When combined with the extra layer of deference that §

2254 provides, the result is double deference, and the question becomes

whether "there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that a state court denied on the

merits is found to merit relief in a federal habeas proceeding.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must

exhaust all state court remedies that are available for challenging his

conviction, either on direct appeal or in a state post-conviction motion. 28

U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state

courts a "full and fair opportunity" to resolve all federal constitutional claims

by "invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must fairly present the claim

in each appropriate state court, thereby affording the state courts a

meaningful "opportunity to pass upon and correct alleged violations of its

prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364,

365 (1995)).

# DISCUSSION

## Ground One: Petitioner's counsel was not ineffective for failing to call an alibi witness whose testimony alleged would have shown that Petitioner was in another county at the time of the crime.

Petitioner contends that his trial counsel, Leslie Cowan, was ineffective for failing to call Virginia Slaughter, his mother, as an alibi witness because Ms. Slaughter would have testified that Petitioner was in another county over two hundred and fifty miles away from the scene of the crime at the time it was committed. Petitioner alleges that he called his mother during the estimated time of the crime, and cell phone records would have also confirmed that he was in a different county when he called his mother. Petitioner says that had Ms. Slaughter been able to testify, there is more than a reasonable probability that the outcome of the proceeding would have been different. (ECF No. 1 at 3–4.)

In rejecting this claim on post-conviction review, the state court relied on the testimony of the victim, Ricky Robbins, as well as the DNA evidence from the crime scene. At trial Mr. Robbins testified that the perpetrator was a tall white male in his late twenties or early thirties with red hair and a medium build.  Although Mr. Robbins was unable to identify Petitioner in a photo lineup, the State argued that the description matched Petitioner. (ECF No. 13-3 at 154–55.)

Additionally, evidence was presented that prior to the burglary the victim's door was pried open with a tool, and a crowbar was found in the apartment that was believed to belong to the suspect and used to pry open the door. After Petitioner was developed as a suspect, his DNA was taken and compared to DNA from the crowbar. A crime lab analyst testified at trial that Petitioner's DNA matched the major contributor from the DNA on the crowbar and that it was very possible that the last person who touched the crowbar was the major DNA contributor. (*Id.* at 155–56.)

Based on this evidence, the state court concluded that

there is no reasonable probability of a different outcome had Ms. Slaughter testified. Her testimony that she received a call on her cell phone from Defendant fails to establish her personal knowledge of Defendant's location at the time of the call. The cell phone records may have placed a phone purporting to belong to Defendant in another county at the time of the offense. However, the evidence at trial was compelling and showed the perpetrator used the crowbar and the perpetrator's DNA was discovered on the crowbar and was a match for Defendant. Also, the general description of the perpetrator matched that of Defendant. This evidence placed Defendant in the apartment at the time of the offense. Also, Defendant's sole alibi witness is related to him. Therefore, there is no reasonable probability Ms. Slaugther's testimony would have resulted in an acquittal. *See Haliburton v. Singletary*, 691 So. 2d 466, 470 (Fla. 1997).

Moreover, Defendant does not specifically allege where he was at the time of the burglary. He also alleges Crystal River is roughly 30 miles east of Tallahassee, which is inaccurate. Given the vagueness and inaccuracies in these and other allegations Defendant makes as to his location at the time of burglary, as discussed elsewhere herein, this claim is

insufficient to warrant an evidentiary hearing.

(*Id.* at 156) (footnote omitted).[2] The First DCA *per curiam* affirmed

without opinion. (*Id.* at 217–18.)

Considering the state court already denied this claim on the merits,

the Court must give the state court's finding double deference so that the

question for this Court becomes whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard."

*Harrington*, 562 U.S. at 105. Here, a reasonable argument exists that

counsel satisfied *Strickland*'s deferential standard and, therefore, that the

state court's rejection of Petitioner's argument and application of *Strickland*

was not objectively unreasonable.

As discussed above, to prevail on this claim of ineffectiveness of

counsel, Petitioner must show (1) that his counsel's performance was

below an objective and reasonable professional norm, and (2) that

Petitioner was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686.

The Court may dispose of the claim if Petitioner fails to carry his burden of

proof on either the performance or the prejudice prong. *Id.* at 697. Here, as

---

[2] Notably, the omitted footnote includes the following information: "The Court also notes Defendant filed under oath a motion for modification of his sentence on October 11, 2013, in which he stated he 'has genuine remorse' and he acknowledges the need for restitution. Defendant's apparent claim of innocence in the instant motion is inconsistent with his prior statements indicating his responsibility for the crime." (ECF No. 13-3 at 156 n.2) (citations omitted).

the state court properly concluded, Petitioner failed to satisfy the prejudice prong of the *Strickland* test.

To show prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id.* at 693.

Although Petitioner argues that the outcome at trial would have been different had his trial counsel called his mother as an alibi witness, the only support Petitioner offers to show that this testimony would have resulted in the conclusion that Petitioner was in a different county at the time of the crime is his own conclusory allegations. But as the trial court in rejecting Petitioner's claim in his post-conviction motion correctly noted, testimony from Petitioner's mother that he called her from a different county at the time of the alleged crime would not prove that he was actually in a different county.

Based on the evidence supporting Petitioner's conviction—including DNA evidence matching Petitioner's DNA found on a crowbar inside the victim's apartment and the fact that Petitioner matched the victim's description of the perpetrator—and the lack of any evidence supporting

Petitioner's claim that he was actually in a different county at the time of the crime, the Court finds that Petitioner has failed to show he was prejudiced by his counsel's failure to call Petitioner's mother as an alibi witness.

To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). Because Petitioner has failed to prove the prejudice prong of the *Strickland* test, nothing Petitioner has presented demonstrates that the state court's rejection of this ineffective assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt,* 134 S. Ct. at 12 (quoting *Harrington*, 131 S. Ct. at 787). The Court therefore concludes that there is a reasonable argument that his counsel satisfied *Strickland*'s deferential standard, so Petitioner is not entitled to federal habeas relief on ground one.

**Ground Two: Petitioner's counsel was not ineffective for failing to investigate and obtain video evidence that allegedly would have proven his alibi.**

Petitioner next contends that his trial counsel was also ineffective for failing to investigate and obtain video surveillance recordings from the Days Inn Hotel in Crystal River, Florida, which would have shown that

Petitioner's vehicle was in the parking lot of the Days Inn at the time the

offense occurred and that Petitioner was, therefore, in a different county.[3]

Petitioner says that the video would have been time- and date-stamped

and established who was driving his vehicle as well. Petitioner argues that

had his counsel subpoenaed the surveillance footage from the day of the

burglary, it would have proven beyond a doubt that Petitioner was not

responsible for the crime. (ECF No. 1 at 5–6.)

In rejecting this claim on post-conviction review, the state court

reasoned that

> [t]he record shows Defendant was arrested on July 26, 2011. The
> Public Defender was appointed shortly thereafter. Defendant alleges
> Cowan was the third assistant public defender assigned to his case.
> Defendant's allegation that there was a video of the parking lot which
> would show his truck there on March 14, 2011, and that the video
> would be available several months later are speculative. Also,
> Defendant's allegations are contradicted by his allegation in a
> previous motion filed under oath that the video would show he was
> not at the Days Inn or its parking area on March 14, 2011, and that
> the video was available because the Days Inn holds videos for three
> months. Therefore, Defendant is not entitled to relief on this claim.
> *See Davis v. State*, 938 So. 2d 555, 558 (Fla. 1st DCA 2006)
> (denying relief where the defendant's claims are contradicted by his
> own allegations).

(ECF No. 13-3 at 157) (citations omitted).  The First DCA *per curiam*

affirmed without opinion.  (*Id.* at 217–18.)

---

[3] The address of the dwelling that was burglarized is in Pensacola, Florida. (ECF
No. 13-3 at 199.)

Here, as with ground one, a reasonable argument exists that counsel satisfied *Strickland*'s deferential standard and, therefore, that the state court's rejection of Petitioner's argument and application of *Strickland* was not objectively unreasonable. As the trial court correctly concluded, Petitioner's statements about the video surveillance and the availability of the surveillance footage months later were speculative. Additionally, although Petitioner now says that the footage would have shown his car in the parking lot, Petitioner said in a different motion for post-conviction relief that the surveillance would have shown that he was *not* at the Days Inn or its parking area.

Based on the speculative and contradictory nature of Petitioner's assertions, Petitioner has failed to satisfy *Strickland*'s performance prong. In other words, Petitioner has failed to show that his counsel's conduct was below an objective and reasonable professional norm. To meet the standard, Petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Grayson*, 257 F.3d at 1216.

Petitioner has failed to show that his counsel acted unreasonably in not conducting further investigation into this alleged surveillance footage and not subpoenaing any video or that no other competent counsel would have decided not to conduct any additional investigation into the alleged

video footage. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). Therefore, Petitioner has failed to show deficient performance.

Because Petitioner has not shown deficient performance, the Court need not address the prejudice prong. The Court finds that the state court's decision denying this claim on post-conviction review is not contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). The Court therefore concludes that Petitioner is not entitled to federal habeas relief on ground two.

**Ground Three: Petitioner's counsel was not ineffective for failing to investigate all items touched by the suspect for forensic evidence.**

Petitioner lastly contends that his trial counsel was ineffective for failing to investigate for "favorable crime scene evidence." Petitioner says that the suspect allegedly touched several items within the home of the victim—the light switch, bedroom door knob, and items in the trash

can—but his counsel failed to have any of these other items tested for

DNA or fingerprints. Petitioner says that this evidence would have proven

that he was not the person who touched the items in Mr. Robbins' home

and would have exonerated him. (ECF No. 1 at 7–8.)

In rejecting this claim on post-conviction review, the state court

reasoned that

> [t]his claim should be denied. The other items alleged to
> have been touched by the suspect were items that belong to
> the victim, as opposed to the crowbar, which did not. Also, the
> DNA analyst testified she would not likely be able to detect
> DNA from a quick touch, whereas if greater force had been
> exerted on the crowbar, it was more likely to retain a sample of
> DNA. Even if the other items had been tested and did not show
> evidence of Defendant's DNA on them, such would not show
> he did not touch them or that he was not in the apartment.
> Given the evidence of Defendant's presence in the apartment,
> there is no reasonable probability absence of his DNA would
> have resulted in an acquittal. *See Gore v. State*, 32 So. 3d 614,
> 620 (Fla. 2010).
>
> Defendant also alleges the crowbar should have been
> tested for the DNA of the victim and the other resident of the
> home. Robbins testified the crowbar was not his and he had
> never seen it before. The DNA analyst testified there were two
> minor contributors to the DNA sample from the crowbar, but
> there was such a minor amount from them that they could not
> be distinguished from the major contributor. Therefore,
> allegations that testing would show the DNA of the victim and
> other resident of the house on the crowbar are speculative and
> refuted by the record.
>
> Defendant also alleges the crowbar was not visible in the
> photo taken of the trash can at the crime scene. He contends
> the lack of the crowbar in the photo is a *Giglio* violation.
> Defendant fails to allege sufficient facts to establish a *Giglio*

violation, in that Defendant must show the prosecution
presented evidence it knew was false, and the false evidence
was material. *See Franqui v. State*, 59 So. 3d 82, 102 (Fla.
2011). Moreover, both the victim and law enforcement testified
the crowbar was found in the trash can.

(ECF No. 13-3 at 157–58) (citations omitted). The First DCA *per curiam*

affirmed without opinion.  (*Id*. at 217–18.)

Again, because the state court already denied this claim on the

merits, the Court must give the state court's finding double deference so

that the question for this Court becomes whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard."

*Harrington*, 562 U.S. at 105. Here, a reasonable argument exists that

counsel satisfied *Strickland*'s deferential standard despite failing to

investigate all items touched by the suspect for forensic evidence.

Without addressing whether counsel's performance was deficient for

failing to investigate these additional items, the Court agrees with the state

court that Petitioner has failed to show that he was prejudiced by his

counsel's conduct. To show prejudice, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."  *Strickland*, 466 U.S.

at 694.  A "reasonable probability is defined as a probability sufficient to

undermine confidence in the outcome." *Id.* at 693. Petitioner has failed to make this showing.

Although Petitioner argues that this additional evidence indicating a lack of his DNA or fingerprints on other items in the apartment would have led to his acquittal, this Court disagrees based on the testimony of the DNA analyst and the DNA evidence linking Petitioner to the crime scene. As the trial court noted, even if these other items had been tested and Petitioner's DNA and fingerprints were not found on these items, that would not prove that Petitioner did not touch the items or that he was not in the apartment.

Thus, while Petitioner makes the conclusory allegations that there is a reasonable probability that the results of the trial would have been different, it is unclear how any additional investigation into these other items would have made a difference. This is particularly true in light of the fact that the actual evidence at trial—the match of Petitioner's DNA to the DNA on the crowbar and the fact that Petitioner matched the description of the perpetrator provided by the victim—was sufficient for the jury to find Petitioner guilty as charged.

Accordingly, the Court concludes that the state court's determination that Petitioner failed to show he was prejudiced by his counsel's failure to conduct this additional investigation is not contrary to or an unreasonable

application of federal law that has been clearly established by decisions of the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Thus, Petitioner is not entitled to federal habeas relief on ground three.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 22nd day of March 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**